UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEINSON ROJAS RESTREPO,    *
             *
  Petitioner,      *
             *
  v.         *
             *  Civil Action No. 1:26-cv-11868-IT
ANTONE MONIZ, Superintendent, Plymouth *
County Correctional Facility, et al.,  *
             *
  Respondents.     *
             *

MEMORANDUM & ORDER

May 12, 2026

TALWANI, D.J.

Petitioner Jeinson Rojas Restrepo, a citizen of Colombia, entered the United States at a port of entry in Arizona in August 2024. Pet. ¶ 1 [Doc. No. 1]. At the time of his entry, U.S. Customs & Border Patrol detained Petitioner for approximately two weeks before releasing him on parole for humanitarian reasons pursuant to 8 U.S.C. § 1182(d)(5)(A). Id. Petitioner has resided in the United States since September 2024 and currently lives in Connecticut. Id. ¶ 20.

On April 20, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents detained Petitioner in Hartford, Connecticut, during a scheduled check-in. Id. ¶ 2. He is presently in custody at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id.

On April 23, 2026, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1], in which he seeks "release[] unless Respondents provide a bond hearing under [8 U.S.C.] § 1226(a)[.]" Id. ¶ 8. As grounds, Petitioner asserts that his detention violates the Immigration and Nationality Act and his right to due process under the Fifth Amendment to the United States Constitution. Id.

1

In their abbreviated Response [Doc. No. 8], Respondents "submit that the legal issues presented in this Petition are similar to those recently addressed by this Court in Betancourt v. Moniz, No. 1:26-CV-11503-IT, 2026 WL 949012, at *2 (D. Mass. Apr. 8, 2026)." Id. at 1. Respondents thus acknowledge that, "[s]hould the Court follow its reasoning in Betancourt, it would reach the same result here[.]" Id.

The court finds that a protected liberty interest arose when Respondents released Petitioner on parole in September 2024 after he entered the United States. See Morrissey v. Brewer, 408 U.S. 471, 481–82 (1982) (acknowledging parolee's interest "in his continued liberty"). Upon his release from detention in 2024, Petitioner had a reasonable expectation that "he would be entitled to retain his liberty and remain out of immigration custody." Roldan Roldan v. Moniz, No. 26-cv-10017-IT, 2026 WL 161552, at *2 (D. Mass. Jan. 21, 2026) (citing Perry v. Sindermann, 408 U.S. 593, 601–03 (1972)). Petitioner's liberty interest is thus "valuable" and "must be seen as within the protection of" due process, Morrissey, 408 U.S. at 482, the guarantee of which extends under the Fifth Amendment to all persons in the United States, regardless of status, see A.A.R.P. v. Trump, 605 U.S. 91, 94 (2025). Further, the court finds that "the Mathews factors weigh in favor of relief, that Petitioner's detention without a bond hearing violates his due-process rights, and that a bond hearing is an appropriate and minimally invasive procedure to ensure that right." Roldan Roldan, 2026 WL 161552, at *3 (citing Mathews v. Eldridge, 424 U.S. 319, 334–35 (1976)).

Accordingly, the court finds that the reasoning in Betancourt and Roldan Roldan remain correct, and the Petition [Doc. No. 1] is GRANTED as follows:

No later than May 19, 2026, Respondents shall either release Petitioner or provide him a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and Hernandez-Lara v.

Lyons, 10 F.4th 19 (1st Cir. 2021). If the immigration judge declines to conduct such a bond

hearing, Respondents shall so advise the court by that date so that this court may conduct the

bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a

bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued

detention, specifically identifying the basis for any assertion that Petitioner's release would pose

a danger or flight risk.

Respondents shall submit a status report on this matter no later than May 22, 2026.

IT IS SO ORDERED.

May 12, 2026                                              /s/ Indira Talwani
                                                         United States District Judge

3